Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**Hyde & Swigart, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

*Attorneys for Plaintiff*
Anushri Jain

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANUSHRI JAIN**<br><br>          Plaintiff,<br><br>v.<br><br>**COLLECTO, INC., d/b/a EOS CCA, and DOES 1-10,**<br><br>          Defendants. | Case No: '18CV2043 MMA MDD<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>(1) **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692,** *et seq.***; AND**<br>(2) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ Code § 1788,** *et seq.***; AND**<br><br>**JURY TRIAL DEMANDED** |

//

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Anushri Jain ("Plaintiff"), through her attorneys, brings this action to challenge the conduct of Collecto, Inc., d/b/a EOA CCA ("Defendant"), in response to Defendant's attempts to unlawfully and abusively collect a debt allegedly owed by Plaintiff, conduct that caused Plaintiff 's injuries.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all conduct engaged in by Defendant took place in California.

7. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid these violations.

8. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION AND VENUE

9. This Court has original and supplemental jurisdiction pursuant to 15 U.S.C. § 1692, *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

10. This Court has personal jurisdiction because Defendant regularly conducts business in California, collecting debts on behalf of its creditor clients. Further, as illustrated below, Defendant directed its unlawful collection practices at the forum state.

11. A substantial part of the events or omissions giving rise to this claim occurred in San Diego, California against Plaintiff who resides in the County of San Diego, State of California. Thus, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

12. At all times relevant, Defendant conducted business within the County of San Diego, State of California.

## PARTIES & DEFINITIONS

13. Plaintiff is a natural person who resides in the City of San Diego, State of California. As discussed below, Plaintiff allegedly incurred charges for courses that she enrolled in at the University of California Berkeley. These charges



were for personal purposes and are allegedly owed to to the University of California Berkley. Therefore, Plaintiff is a "consumer" and a "debtor," as those terms are defined by 15 U.S.C. § 1692a(3) and Cal Civ. Code § 1788.2(h).

14. Furthermore, the loan is a "consumer debt" and a "debt," as those terms is defined by 15 U.S.C. § 1692a(5) and Cal Civ. Code § 1788.2(d).

15. Defendant is a collection company. On behalf of its creditor clients, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ Code § 1788.2(c).

16. Defendant is a Massachusetts corporation with its principal place of business in the Norwell Massachusetts.

## FACTUAL ALLEGATIONS

17. Sometime before June 26, 2018, Plaintiff allegedly incurred charges related to courses that she enrolled in at the University of California Berkley. (Because this complaint alleges violations of the FDCPA and the Rosenthal Fair Debt Collections Practices Act ("RFDCPA" or "Rosenthal"), the validity and circumstances of the debt are irrelevant. Thus, Plaintiff will not discuss it further, except to provide context.)

18. These charges were eventually sent to Defendant for collection.

19. Sometime in before June 5, 2018, Defendant contacted Plaintiff for the first time on her cellular phone.

20. During this initial communication, Defendant did advise Plaintiff that unless she disputed the validity of the debt, or any portion thereof, within thirty days after receipt of the notice, that the debt would be assumed to be valid by Defendant.

21. During this initial communication, Defendant did not advise Plaintiff that if she notifies Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant would obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by Defendant.

22. During this initial communication, Defendant did not advise plaintiff that upon her written request within the thirty-day period, Defendant would provide the consumer with the name and address of the original creditor, if different from the current creditor.

23. Within five days of this initial contact, Defendant did not make the disclosures contained in paragraphs 20 through 22 above.

24. On June 5, 2018, Defendant sent Plaintiff a collection letter, demanding $5,536.00 on the foregoing debt.

25. The letter further demanded $200 for "FEES COLL. COSTS."

26. This letter did not contain any of the disclosures listed in paragraphs 20 through 22 above.

27. The $200 collection fee was not expressly provided for by the agreement creating the debt or permitted by law.

28. The foregoing collection fee is not authorized by the instrument creating the debt and is not permitted by law. Thus, Plaintiff did not owe any money for collection fees. In its June 5, 2018 letter, Defendant alleged that Plaintiff owed $200 in collection fees and attempted to collect this amount by expressly including it in Plaintiff's principal balance. Thus, Defendant made a false statement in connection with the collection of a debt that it was not authored to collect. In turn, Defendant violated 15 U.S.C. § 1692e, 1692e(2)(A), e(10), e(5) and 15 U.S.C. 1692f, and 1692f(1).

29. During its initial communication with Plaintiff, Defendant did no include the requisite disclosures under 15 U.S.C. 1692g, subsections (3), (4), and (5). Nor

did Defendant make these disclosures within five days after its initial communication with Plaintiff. Thus, Defendant violated 15 U.S.C. 1692g.

30. The RFDCPA incorporates the above FDCPA provisions through Cal. Civ. Code § 1788.17. Thus, in violating 15 U.S.C. § 1692d, 15 U.S.C. § 1692f, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692e(5), Defendant violated Cal. Civ. Code § 1788.17.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 ET SEQ.

31. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

32. The foregoing acts and omissions constitute multiple violations of the FDCPA, including but not limited to the above-cited provision of the FDCPA, 15 U.S.C. §1692 *et seq*.

33. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32

34. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

35. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to the above-cited provisions of the FDCPA.

36. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ Code § 1788.30(a); statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 ET SEQ.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court should deem just and proper.

## SECOND CAUSE OF ACTION
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Treble damages pursuant to Cal. Civ. Code § 3345; and
- Any other relief this Court should deem just and proper.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 8/30/18                                          **Hyde & Swigart, APC**

By: /s/ Yana A. Hart
　　Yana A. Hart, Esq.
　　Attorney For Plaintiff